IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY AARON THOMAS | : | CIVIL ACTION |
| v. | : | |
| DR. EDELMAN, et al. | : | NO. 06-1281 |

FILED
OCT 14 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER AND OPINION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

DATE: 10/13/10

Defendants Prison Health Services and Drs. Edelman, Germaine and Arias have filed a motion for permission to file a second motion for summary judgment, *nunc pro tunc*, in this Eighth Amendment case. For the reasons that follow, this motion will be denied.

I.   Factual and Procedural Background

Plaintiff Gregory Aaron Thomas filed this case on March 24, 2006. It was originally assigned to the Honorable Edmund V. Ludwig. After Thomas filed a Third Amended Complaint, Judge Ludwig entered a discovery order providing that dispositive motions were due by December 5, 2008, which was later extended to December 19, 2008. Docket at Documents No. 70 and 79. On December 24, 2008, defendants PHS and Drs. Edelman, Germaine and Arias filed a motion for summary judgment. Docket at Document No. 83. Judge Ludwig denied this motion. Docket at Document No. 87. (A separate motion for summary judgment, filed by defendants David DiGuglielmo, Donna Hale, Fred R. Maue, and Julia Knauer was also denied at this time).

On June 17, 2010, the case was transferred to the undersigned under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. I issued a new Pre-Trial Scheduling Order, setting dates only for pre-trial submissions and motions in limine. Docket at document 98. Trial is currently scheduled for November 8, 2010. Id.

On September 27, 2010, defendants PHS and Drs. Edelman, Germaine and Arias filed a Motion for Leave to File a Second Motion for Summary Judgment. Docket at Document 101. Two days later, although there had been no action on their motion, these Defendants filed their Second Motion for Summary Judgment. Docket at Document No. 102. Thomas has responded to the Motion for Leave to File, with the understanding that no response to the Second Motion for Summary Judgment is necessary until the Motion for Leave has been resolved.

II.  <u>Legal Standards</u>

Although there is some lack of clarity about the legal standard Defendants believe the court should apply, it is fairly clear that this motion is governed by Federal Rule of Civil Procedure 6(b), which provides that leave to file a late motion may be granted by the court after the time for filing that motion has expired only if the party failed to act because of excusable neglect.

The United States Supreme Court said in <u>Pioneer Investment Services v. Brunswisk Associates</u>, 507 U.S. 380, 395 (1993) that the determination whether a party's neglect is excusable is an equitable one, in which the court may consider such factors as the danger of prejudice to an opposing party, the impact of the delay on judicial proceedings, and the reason for the delay. Although <u>Pioneer</u> involved a bankruptcy rule, the standard it set forth extends to other federal procedural rules applying the same "excusable neglect" standard. <u>George Harms Construction Co., Inc. v. Chao</u>, 371 F.3d 156, 163 (3d Cir. 2004).

III. Discussion

Defendants seek to argue in their Second Motion for Summary Judgment that judgment should be entered against Thomas because he will not be able to show "but for" causation between the supposedly inadequate care of the bone spur on his right foot and injury to his hip and Achilles tendon which Thomas has asserted in his Third Amended Complaint. Document No. 67 at ¶ 26. Defendants maintain that Thomas is required to provide medical evidence to show such causation. In his response, Thomas concedes that he has no medical expert.

Defendants argue that they could not have raised this argument in their first motion for summary judgment because the District Court for the Middle District of Pennsylvania had not yet decided the cases of Miszler v. Shoemaker, Civ. A. No. 04-1756, 2009 WL 790139 (M.D. Pa. Mar. 20, 2009); Walthour v. Tennis, Civ. A. No. 04-1756, 2009 WL 2957742 (M.D. Pa. Sep. 9, 2009); Heath v. Martin, Civ. A. No. 4:04-2275, 2010 U.S. Dist LEXIS 77103 (M.D. Pa. Jul. 20, 2010).

As in this case, Miszler involved allegations by a prisoner of deliberate indifference to his medical needs. The court there required proof that the defendant's actions were both the actual and the proximate cause of the plaintiff's injuries: "that is, a § 1983 plaintiff may only recover damages for injuries that would not have occurred 'but for' the alleged wrongful conduct." 2009 WL 790139 at *5. The court further specified that:

> Competent proof of causation in a § 1983 action "that arises from alleged deliberate indifference involving a sophisticated medical condition requires that expert testimony be offered to prove causation." Wooler v. Hickman County, KY, Civ. A. No. 5:05CV-247-R, 2008 WL 5412826 at *8 (W.D.Ky. Dec. 30, 2008).

Id. Walthour and Heath are similar, with Heath actually citing Miszler and Walthour.

3

Despite the possible merit of the argument Defendants seek to raise, I will not permit them to raise it in a second motion for summary judgment. Their neglect to raise it in their first motion is not excusable. Authority arising out of the Middle District of Pennsylvania is not controlling here, which means that it is inaccurate to suggest that Miszler and the other cases authorized an argument which was not available in December, 2008. The fact that Defendants perhaps only got the idea to raise this argument after reading Miszler, Walthour and Heath does not transform these cases from a parallel district into new controlling authority.

In other words, when Defendants filed their first motion, there was no controlling authority in the Third Circuit on whether an eighth-amendment plaintiff claiming indifference to his medical needs must have medical testimony to show "but for" causation where it would not be obvious to the jury. There was still no controlling Third Circuit authority when Mitzler was decided. See 2009 WL 790139 at *5 ("[I]ndependent research has not identified any controlling authority from the Court of Appeals for the Third Circuit"). Thus, Defendants could have raised the same argument in 2008 that the Mitzler defendants did. As in Mitzler, they could have relied upon White v. Roper, 901 F.2d 1501, 1505 (9th Cir. 1990). They could also have cited Alberson v. Norris, 458 F.3d 762, 765-766 (8th Cir. 2006), for the principle that "where the complaint involves treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation."

This case has been pending for four years. Trial is scheduled in less than four weeks. The filing of a second motion for summary judgment now, in order to raise an argument which could have been raised before the tolling of the discovery deadline nearly two years ago, would clearly prejudice Thomas and would also prejudice the court's management of its own docket.

Defendants point out in their reply that the court will use judicial resources in trying a case, where a valid basis for summary judgment might exist. However, due to Thomas's extensive treatment record, and many possible components to his case, it is not clear that this would be an easy summary judgment motion to brief, or to decide. At this point, I judge it more expedient to see the evidence in its final form – as presented to a jury – than to try to parse out whether Thomas *could possibly* present adequate evidence.

Accordingly, I will deny Defendants' motion for leave to file a second summary judgment motion, and I will dismiss their second summary judgment motion with prejudice. I will, however, consider a Rule 50 motion made after the close of Thomas's case, if warranted.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE